IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARIA CARBAJO,

    Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION,

    Defendant.
_____/

## COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL AND SUPPORTING MEMORANDUM OF LAW

Defendant, COSTCO WHOLESALE CORPORATION, hereby files its Notice of Removing this case to the United States Southern District of Florida from the Circuit Court of the 15th Judicial Circuit, in and for Palm Beach County, Florida, and states:

1. This action was commenced on September 28, 2020 in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, Case No.: 2020-020724-CA-01.

2. This is a civil action in which Plaintiff MARIA CARBAJO claims bodily injuries by virtue of her allegedly slipping and falling at the subject Costco.

3. The removal of this case is authorized by the provisions of 28 U.S.C. §1441, *et seq.*

4. This Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) because this case involves a controversy between a plaintiff who is a citizen of the State of Florida and a

defendant that is a citizen of the State of Washington, and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest, costs, and attorney's fees.

**Diversity of citizenship**

5.  Defendant, COSTCO WHOLESALE CORPORATION, is a citizen of the State of Washington because it is a Washington corporation with its principal place of business in Washington. See 28 U.S.C.A. § 1332(c)(1) (providing that a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business); see Exh. A.

6.  Plaintiff MARIA CARBAJO is and has been at all times material a citizen of the State of Florida. See generally Huchon v. Jankowski, 2007 WL 221421 (S.D. Fla. Jan. 25 2007); Lieberman v. Lm General Ins. Co., 2015 WL 111980006, at *1 (S. D. Fla. Jan. 26, 2015) ("Here, Defendant has alleged in its Notice of Removal that Plaintiff is a citizen of Florida and that Defendant is a citizen of Illinois and Massachusetts. Plaintiff has not contested this representation, either through allegations in the Amended Complaint or in her Response. 'Allegations in the defendant's petition for removal, if not contradicted by the allegations of the complaint, are alone sufficient to establish prima facie existence of federal jurisdiction.'" (internal citation omitted)).

**Amount in controversy**

7.  The complaint, ¶1, alleges only that this is an action for damages in excess of $30,000, which is the State court jurisdictional threshold. (See Exh.B). However, Plaintiff responded to a request for admissions, admitting the amount in controversy in this case exceeds $75,000. (Exh.C).

**Timeliness**

8.     The complaint was served on October 8, 2020; however, the basis for this removal is not premised on Plaintiff's Complaint but is instead based on Plaintiff's responses to Defendant's Request for Admissions, in which Plaintiffs admitted the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1446(b) ("If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .").  This Notice of Removal is being timely filed within 30 days after November 11, 2020, the date the responses to the requests for admission were received.

9.     This Notice of Removal is being timely filed within 30 days after November 11, 2020, the date the responses to the requests for admission were received.

**Procedural matters**

10.    A copy of all process, pleadings, and orders served upon the Defendant is attached hereto as Composite Exhibit D.

11.    COSTCO will give written notice of the filing of this notice as required by U.S.C. §1446(d).

12.    A copy of this notice will be filed with the Clerk of the Circuit Court, in and for Palm Beach County, Florida, as required by 28 U.S.C. §1446(d).

WHEREFORE, COSTCO WHOLESALE CORPORATION, a Foreign Profit Corporation, respectfully requests this action be removed to this Court.

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY the undersigned electronically filed on this 23RD day of November 2020 the foregoing with the Clerk of Court by using CM/ECF system, which will send a notice of electronic filing to the following:   Fleites Law, P.A., Katiana B. Fleites, Esq., 1800 S.W. 27 Ave., #500, Miami, FL 33145 (service@fleiteslaw.com).

        COONEY TRYBUS KWAVNICK PEETS
        Attorneys for Defendant
        1600 W. Commercial Blvd., #200
        Fort Lauderdale, FL 33309
        (954) 568-6669; fax: (954) 568-0085
        Primary e-mail:  reception@ctkplaw.com
        Secondary e-mail:  tzaccour@ctkplaw.com

*"(Signed by attorney electronically after review)"*

By: _____
      DAVID F. COONEY
      Florida Bar No. 260215